Garland E. CHING, Plaintiff, Appellant,

v.

MITRE CORPORATION,
Defendant, Appellee.

No. 90–1502.

United States Court of Appeals,
First Circuit.

Heard Oct. 3, 1990.
Decided Dec. 10, 1990.

Stanley P. Roketenetz, Jr., for plaintiff, appellant.

David J. Kerman with whom John H. Mason and Ropes & Gray were on brief, for defendant, appellee.

Before CAMPBELL, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff-appellant Garland E. Ching ("Ching") appeals from a decision by the district court granting summary judgment and dismissing his discrimination action against the MITRE Corporation ("MI-

* Of the Second Circuit, sitting by designation.

TRE"). The ground for dismissal was that Ching's action was barred by the applicable state and federal three year statutes of limitations, Mass.Gen.L. ch. 151B, § 9; and 29 U.S.C. §§ 255(a) & 626(e). We affirm.

## BACKGROUND

Ching was hired by MITRE as part of its technical staff on December 1, 1980. On October 5, 1985, he was operated on for a corneal transplantation with cataract removal. On March 9, 1987, Ching filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) alleging that he was informed on February 12, 1987 that he was going to be terminated by MITRE. Ching claimed that he was being terminated because of his national origin (Chinese), age (65 years of age), and physical handicap (poor and limited vision), in violation of Mass.Gen.L. ch. 151B, § 4 and the Age Discrimination in Employment Act of 1967 ("ADEA") as amended, 29 U.S.C. § 621 *et seq.* On March 13, 1987 MITRE *formally* notified Ching, via a letter, that his employment with the company was terminated. Two years later, on May 18, 1989, the MCAD made a finding of lack of probable cause and dismissed Ching's March 9, 1987 complaint.

This action was commenced in the Superior Court for Middlesex County, a Massachusetts court, on March 12, 1990. Count I alleged that plaintiff was discriminated against on account of his handicap, in violation of Mass.Gen.L. ch. 151B, § 4; Count II alleged that plaintiff was discriminated against on account of his age, in violation of the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, and Mass.Gen.L. ch. 151B, § 4; and Count III alleged that plaintiff was discriminated against on account of his national origin in violation of Mass.Gen.L. ch. 151B, § 4. On March 29, 1990 MITRE removed the case to the United States District Court for the District of Massachusetts. MITRE then filed a motion for summary judgment on the grounds that Ching's claims of discrimination were all barred by the three year statutes of limitations contained in Mass.

Gen.L. ch. 151B, § 9 and in 29 U.S.C. §§ 255(a) and 626(e). On April 13, 1990, Ching moved to amend his complaint by striking his sole federal claim, and to remand the action to the state court. On April 30, 1990, the district court issued a Memorandum of Decision refusing to remand the state claims back to state court, and allowing MITRE's motion for summary judgment on the grounds that Ching's claims were all time barred.

On appeal Ching claims that: 1) this case should have never been removed to the federal district court from the Massachusetts court; and 2) the district court erred in allowing the motion for summary judgment and dismissing the case for not being timely filed. We review both contentions.

## I. *Removal of the case*

██ The district court did not err in allowing defendant MITRE to remove the case from state to federal court, and, thereafter, in refusing to permit Ching voluntarily to amend and remand. The applicable federal removal statute provides: "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court ..." 28 U.S.C. § 1441(a). The same statute goes on to state that,

> [w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). Thus, a state action that includes a federal claim may be removed by the defendant to a federal court. *Baldwin v. Sears Roebuck and Company,* 667 F.2d 458 (5th Cir.1982); C. Wright, A. Moore & E. Cooper, *14A Federal Practice and Procedure § 3721,* at 187 (1985).

██ Ching urges that the lower court should have read his original complaint in a less literal manner than it did. He wishes

us to accept his present assurance that he intended to sue only under the laws of the Commonwealth of Massachusetts. However, the district court properly determined the nature of Ching's claims from the face of the complaint as it stood at the time the petition for removal was filed. *Westmoreland Hosp. Ass'n v. Blue Cross, etc.,* 605 F.2d 119, 123 (3d Cir.1979), *cert. denied,* 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939)).

Count II in Ching's original state court action was based, *inter alia,* upon an alleged violation of the ADEA, 29 U.S.C. § 621(a), a federal cause of action over which the district court had original jurisdiction. Removal of the entire action was thus authorized under 28 U.S.C. § 1441(a) and (c), *supra.* It is immaterial that, in retrospect, appellant views his ADEA claim as surplus. *Westmoreland Hospital Ass'n v. Blue Cross, etc.,* 605 F.2d at 123. It is also immaterial that, after removal, Ching moved to strike the federal claim. An amendment to a complaint *after removal* designed to eliminate the federal claim will not defeat federal jurisdiction. *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 509 (5th Cir.1985); *Westmoreland Hospital Ass'n v. Blue Cross, etc.,* 605 F.2d at 123; *Brown v. Eastern States Corp.,* 181 F.2d 26 (4th Cir.), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). It was discretionary with the district court whether to remand the state claims. 28 U.S.C. § 1441(c). We see no abuse of discretion in the course the court took, especially where the statutes of limitations were dispositive of all claims, *infra.*

As the Supreme Court has stated,

> [t]he presence or absence of federal-question jurisdiction is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank,* 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (footnote omitted). As the master of his claim, Ching's own decision to incorporate the ADEA claim as one of the elements of suit at the time the complaint was filed opened the door for MITRE to remove the case to the federal court. The federal district court was thereafter invested with jurisdiction, including discretion whether or not to hold or remand the state claims. 28 U.S.C. § 1441(c). Thus, we sustain the district court's assertion of jurisdiction and its refusal to remand.

## II. *Statute of limitations*

■ Appellant Ching's second argument is that the district court erred in dismissing the suit as barred by the state and federal statutes of limitations. Both Massachusetts and federal law provide for a three year statute of limitations.[1]

The only issue is when the three years should commence running on the claims in issue. Ching argues that the three years should start running the day he was formally notified that he was terminated, March 13, 1987. MITRE contends that the time period should start running when Ching found out that MITRE had decided to terminate his employment, February 12, 1987. The district court agreed with MITRE. We affirm.

In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the Supreme Court decided that for the purpose of computing the limitations period in a claim under Title VII of the Civil Rights Act, a cause of action for denial of a benefit such as tenure, and consequent damage, accrues when the plaintiff *learns* of the alleged discriminatory act, not the point at which the consequences of the act become painful. *Id.* at

258, 101 S.Ct. at 504. Thereafter, in *Chardón v. Fernández*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), the Supreme Court held that the statute of limitations in a proceeding brought under 42 U.S.C. § 1983, was triggered when an employee was notified of his or her employer's decision to terminate him, not when, later, he was notified of his actual removal from the payroll. The plaintiffs in *Chardón* were notified of their intended termination several weeks before they were actually removed from their jobs.

We believe that similar principles are applicable to state discrimination cases brought under Mass.Gen.L. ch. 151B. In Massachusetts, the determination of when a cause of action "accrues" has generally been left to the state courts by the legislature, and the courts have been guided by the principle that "a cause of action accrues on the happening of an event likely to put the plaintiff on notice." *Hendrickson v. Sears*, 365 Mass. 83, 89–90, 310 N.E.2d 131, 135 (1974); as cited in *White v. Peabody Const. Co., Inc.*, 386 Mass. 121, 129, 434 N.E.2d 1015, 1020 (1982). While we are aware of no Massachusetts judicial decision precisely on point, we note that the MCAD has adopted the same standards outlined in *Ricks* and *Chardón*. *See Burr v. The Memorial Press Group*, 8 MDLR 1053 (1986); *Miller v. Minuteman Home Care*, 5 MDLR 1543 (1983). Moreover, the Massachusetts Supreme Judicial Court has in other instances applied federal caselaw construing federal anti-discrimination laws when interpreting Mass.Gen.L. ch. 151B. *See, e.g., Wheelock College v. Massachusetts Comm'n Against Discrimination*, 371 Mass. 130, 355 N.E.2d 309 (1976). Ching's attorney was told on February 12, 1987 that Ching was going to be terminated. While this notice was informal, it was unequivocal and Ching obviously believed it since he filed a discrimination complaint based on the impending discharge with the

---

1. Section 9 of the Massachusetts law addressing unlawful discrimination because of race, color, religious creed, national origin, ancestry or sex, Mass.Gen.L. ch. 151B, provides that "[n]o action under this section shall be filed later than three years after the alleged unlawful practice occurred."

The ADEA claim also has a three year statute of limitations. 29 U.S.C. § 626(e) provides that the statute of limitations for ADEA claims will be determined pursuant to 29 U.S.C. § 255(a), which states that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

MCAD, the state administrative agency, four days before MITRE notified him formally of his dismissal. Ching stated in his sworn and notarized complaint to the MCAD that "on February 12, 1987, I was told that [MITRE] was going to terminate me from my position of Member of Technical Staff." As Ching did not file the present action until March 12, 1990, we hold that the district court properly dismissed the case as barred by the applicable three year statute of limitations.

*The district court's judgment is affirmed. Costs for appellee.*