**COMMONWEALTH OF MASSACHU-
SETTS, Plaintiff, Appellee,**

v.

**V & M MANAGEMENT, INC., et al.,
Defendants, Appellants.**

**No. 91–1111.**

United States Court of Appeals,
First Circuit.

April 3, 1991.

Before BREYER, Chief Judge,
CAMPBELL and CYR, Circuit Judges.

### ORDER OF COURT

The plaintiff, Commonwealth of Massachusetts, filed suit in state court against the defendants, which are the owners and/or operators of a federally-subsidized low-income housing project. The suit was in thirteen counts and alleged violations of state and federal housing statutes and regulations. Defendants removed the action to federal court. Over plaintiff's objection, which sought a remand to state court, the district court found that five of the counts were based purely upon violations of federal law, falling within the original jurisdiction of the district court, and, thus, removal of the entire action was proper. 752 F.Supp. 519. 28 U.S.C. § 1441(c). The district court indicated, however, that, were those five federal counts dismissed before trial, it might reconsider its decision to exercise jurisdiction in this case.

Subsequently, plaintiff moved to amend its complaint by dropping the five federal counts and sought reconsideration of its request to remand. The motion to amend the complaint was allowed and, four days later, the motion to remand was granted. Defendants filed a notice of appeal from both orders. We issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction since an order remanding a case to a state court from which it was removed is generally not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).

We have considered defendants' response to our show cause order. They argue that the bar to appellate review found in § 1447(d) is inapplicable to the instant order of remand. Even accepting this argument, however, we conclude that dismissal is appropriate.

Section 1447(d) of Title 28 provides in pertinent part:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [subject to an exception for civil rights cases which is not applicable here].

The Supreme Court has stated that § 1447(d) "prohibits review of all remand orders *issued pursuant to § 1447(c)* whether erroneous or not and whether review is sought by appeal or by extraordinary writ." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (emphasis added). Section 1447(c) provides in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....[1]

1. We note that, at the time of the *Thermtron* decision, § 1447(c) read, in pertinent part, that "[i]f at any time before final judgment it appears that the case was *removed improvidently and without jurisdiction*, the district court shall remand the case...." (1976).

There is no allegation in this case as to any defect in the removal procedure. And, the district court did not purport to conclude that it lacked subject matter jurisdiction. In fact, the district court concluded that it had subject matter jurisdiction, but declined to exercise that jurisdiction, in light of the plaintiff's request (which the court granted) to amend its complaint by dropping the federal counts. Because the order to remand was not issued pursuant to § 1447(c), the bar to appellate review of such orders found in § 1447(d) is, as defendants suggest, simply inapplicable. *See, e.g., Rothner v. City of Chicago*, 879 F.2d 1402, 1406 (7th Cir.1989); *Schmitt v. Insurance Co. of North America*, 845 F.2d 1546, 1551 (9th Cir.1988); *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 33 (2d Cir.1988).

This does not end the matter, however. Although appellate review is not prohibited by § 1447(d), we, nonetheless, must consider what source, if any, does authorize our review, i.e., whether review is by appeal or permissible only pursuant to a writ of mandamus. Our appellate jurisdiction, as a general rule, is limited to a final decision of the district court. 28 U.S.C. § 1291.

■ Defendants suggest that appellate jurisdiction is proper over the district court's order granting plaintiff's motion to amend its complaint and that, because that order became the basis for the order of remand, appellate jurisdiction should extend to the remand order as well. But we would have jurisdiction over the grant of the motion to amend only upon appeal from the entry of a final judgment. The grant of a motion to amend is not, itself, a final judgment. *Cf. City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934) (an order of *dismissal* of a cross-complaint which preceded an order of remand is reviewable by appeal) (emphasis added); *Kozera v. Spirito*, 723 F.2d 1003, 1005 n. 1 (1st Cir.1983) (an order of *dismissal* of a third-party complaint on sovereign immunity grounds which preceded an order of remand is reviewable by appeal) (emphasis added).[2]

■ A conceivable argument can be made that the order of remand is a final judgment since no further proceedings are contemplated in the federal court. *See Corcoran v. Ardra Ins. Co.*, 842 F.2d at 34 (pointing out that a stay of a diversity action pending resolution of a concurrent state-court action has been held to be a final appealable order because its sole purpose and effect is to surrender jurisdiction of a federal suit to a state court, effectively putting plaintiff out of federal court, and commenting that it is by no means clear why an order that remands an action to state court is any less final); *see also*, 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3914 (1976). Nonetheless, the Supreme Court has stated that "an order remanding a removed action does not represent a final judgment reviewable by appeal." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. at 352–53, 96 S.Ct. at 594. We have previously expressed doubt whether, even absent the bar to review found in § 1447(d), a right of *appeal* would lie. "But even apart from the bar on review in section 1447(d), we

We do not deem it necessary to pursue a determination of the purpose or effect of the change in language; we believe the statute as now amended, Pub.L. 100–702, Title X, § 1016(c), 102 Stat. 4670, (quoted in the text), does not affect the teaching of the *Thermtron* decision, i.e., if the district court purports to remand pursuant to § 1447(c), appellate review is prohibited.

2. It might be argued that granting the motion to amend so as to strike the federal claims in this case was the equivalent of a *dismissal* of these federal claims and that this dismissal is reviewable as a final judgment (even apart from the order of remand). We fail to see, however, how

*defendants* are aggrieved by dismissal of claims against them, and therefore, even assuming (without deciding) that the order granting the motion to amend is a final decision, we would not disturb the district court's grant of the amendment. *Cf. In re Romulus Community Schools*, 729 F.2d 431, 440–41 (6th Cir.1984) (defendants have no standing to assert the rights of absent plaintiff class members whose claims were withdrawn without notice; the only injury (to whatever interest defendants may properly claim to a trial in federal court) alleged by the defendants is the remand to state court and that order is reviewable, if at all, by way of mandamus).

question whether [appellant] would have a right to *appeal* from the district court's order: ordinarily, an order remanding a case to the state court is considered interlocutory, and does not fall within this court's appellate jurisdiction over the final orders of district courts." *Nasuti v. Scannell*, 792 F.2d 264, 267 (1st Cir.1986) (emphasis in the original). *See also* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.169[2.–1] (2d ed. 1990) ("The [remand] order is, however, interlocutory, despite the fact that it sends the case out of the federal court, and is thus not appealable as a final judgment.") (footnote omitted). Thus, if it is not barred by § 1447(d), interlocutory review in the present case may be accorded only under our mandamus power. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. at 353, 96 S.Ct. at 594; *Corcoran v. Ardra Ins. Co.*, 842 F.2d at 34–35.

■ "[I]ssuance of the writ [of mandamus, however,] is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). The party seeking the writ must show "a clear and indisputable right to issuance of the writ" *and* must show that "interlocutory relief is necessary to prevent irreparable harm." *Ramirez v. Rivera–Dueno*, 861 F.2d 328, 334–35 (1st Cir.1988), *cert. denied*, — U.S. ——, 110 S.Ct. 73, 107 L.Ed.2d 40 (1989).

■ Defendants are unable to show a clear and indisputable right to issuance of the writ. They contend that "[t]he granting of the Motion to Amend for the purpose of permitting the Plaintiff to return to the State court is squarely prohibited by the controlling law of this Circuit," citing this court's opinion in *Ching v. Mitre Corp.*, 921 F.2d 11 (1st Cir.1990). Defendants' interpretation of the *Ching* decision is erroneous.

*Ching* was an appeal from a district court grant of summary judgment. Mr. Ching originally filed suit in state court, alleging an unlawful termination from employment based on physical handicap, age,

and national origin, in violation of state and federal laws. The case was removed to federal court, where the defendant/employer moved for summary judgment on statutes of limitations grounds. In response, Ching moved to amend his complaint to strike his one federal claim and to remand the action to state court. The district court denied the motion to amend and remand and allowed the motion for summary judgment. On appeal, we reiterated that removal of the case from the state to the federal court was proper. At the time of the removal, the complaint was based, *inter alia*, upon an alleged violation of federal law. Therefore, removal of the entire action was authorized pursuant to statute. 28 U.S.C. § 1441(c). We further stated that it is immaterial to the existence of federal jurisdiction that, after removal, Ching sought to strike the federal claim. "An amendment to a complaint *after removal* designed to eliminate the federal claim will not defeat federal jurisdiction." *Ching v. Mitre Corp.*, 921 F.2d at 13 (emphasis in the original).

■ Defendants seek to transmogrify this statement of law into an absolute bar to an amendment which seeks to drop a federal claim from a complaint. But that attempt distorts not only this statement of law but the holding in the *Ching* decision itself. In *Ching*, we were addressing the existence of federal jurisdiction *at the time of removal* and events after removal, such as striking of the federal claim which supported removal, are simply immaterial to that question. Once a case is properly removed, a district court has jurisdiction over the entire case, whether or not the basis for removal, i.e., the federal claim, thereafter remains. Although the district court has jurisdiction to rule on the remaining state claims, even after the dismissal or withdrawal of all federal claims, it need not exercise that jurisdiction. As we said in *Ching*, "[i]t was discretionary with the district court whether to remand the state claims." *Id.* As it was discretionary with the district court in *Ching* to *deny* remand and rule that all of Ching's claims were barred by relevant statutes of limitations,

so too it was discretionary with the district court, in the instant case, to *grant* remand of the state claims. Once the case was properly removed, "[t]he federal district court was thereafter invested with jurisdiction, including *discretion whether or not to hold or remand* the state claims." *Id.* at 14 (emphasis added). Defendants' claim that a district court is prohibited from granting a motion to amend, which seeks to strike a federal claim, for the purpose of permitting a plaintiff to return to state court, flies in the face of the discretion we found existent in the district court in *Ching* and, more to the point, the express statutory language of § 1441(c). That section states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and *the district court* may determine all issues therein, or, *in its discretion, may remand all matters not otherwise within its original jurisdiction.* (Emphasis added.)

That which is committed to the district court's discretion, such as in this case whether to remand state-law claims after the elimination of the federal claim which sustained removal jurisdiction, is an insufficient ground upon which to support the issuance of a writ of mandamus because a petitioner is unable to establish a clear entitlement to the relief sought. *In re Bushkin Associates, Inc.*, 864 F.2d 241, 245 (1st Cir.1989).[3]

■ Defendants decry plaintiff's action in seeking to strike its federal claims as "an overt case of forum manipulation."

Whether or not the label is accurate is of no moment since the Supreme Court casts no aspersions on such action in these circumstances. In *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), plaintiffs filed suit in state court alleging claims based on federal and state law. Defendants removed the case to federal court. Plaintiffs thereafter moved to amend their complaint to delete their sole federal-law claim, which had provided the basis for removal of the case, and, at the same time, filed a motion, conditional upon amendment of the complaint, to remand the suit to state court. The district court granted the motion to amend and remanded the remaining claims to the state court in which plaintiffs initially had filed the action. After review by the court of appeals which need not concern us here[4], the Supreme Court granted certiorari and held that a district court has discretion to remand (as an alternative to dismissal) a removed case to state court when all federal-law claims have dropped out of the action and only pendent state claims remain.

We recognize that *Carnegie–Mellon* involved pendent state claims and, in the instant case, the district court determined that the federal-law and state-law claims were separate and independent. We do not believe this distinction important, however, to the question whether a plaintiff may seek to amend his complaint so as to allege only state-law claims for the purpose of returning to his initial state forum. The Supreme Court did not find that such action "necessitate[s] a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discre-

---

3. Moreover, the underlying decision to grant or deny amendment is also within the district court's discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

4. We note, however, that petitioners had filed both a notice of appeal and a petition for writ of mandamus. The Court of Appeals for the Third Circuit dismissed the appeal as barred by § 1447(d). *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. at 347 n. 4, 108 S.Ct. at 617 n. 4. The court of appeals, en banc, then divided evenly on the question whether the district court had authority to remand the case to state court and

denied the application for a writ of mandamus. *See id.* at 348, 108 S.Ct. at 617–18. That the court of appeals had concluded that review of the district court's action was by means of mandamus rather than appeal drew no criticism from the Supreme Court.

Our approach differs, of course, from that of the Third Circuit insofar as we view the bar to review in § 1447(d) inapplicable, *supra* at 832–33. Nonetheless, we, and the Third Circuit, and by inference the Supreme Court, are in agreement that review in this case, if permissible at all, is only pursuant to mandamus. *See also Corcoran v. Ardra Ins. Co.,* 842 F.2d at 35.

tionary," *id.* 484 U.S. at 356–57 n. 12, 108 S.Ct. at 622 n. 12, and we see no reason to do so here. Whether a plaintiff has attempted to manipulate the forum is merely one factor within the mix which influences the district court's exercise of its discretion.

We have considered defendants' response to our show cause order. We conclude that, insofar as appellate review is permissible, that review is pursuant to a petition for a writ of mandamus. We further conclude, however, that there is no basis for issuance of such a writ and decline to do so.

*Appeal dismissed.*

*Construing the notice of appeal and the response to our show cause order as a petition for a writ of mandamus, it is denied.*