USCA1 Opinion

 

 January 11, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1333 PATRICIA A. STANISLAS, Plaintiff, Appellant, v. CIGNA and INSURANCE COMPANY OF NORTH AMERICA, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Timothy J. Ryan with whom Bradford R. Martin, Jr. and Ryan, ________________ _________________________ _____ Martin, Costello, Leiter, Steiger & Cass, P.C. were on brief for ______ _________________________________________ appellant. Michael A. Davis for appellees. ________________ ____________________ ____________________ Per Curiam. In this diversity case, plaintiff-appellant __________ Patricia A. Stanislas appeals from the district court's grant of summary judgment in favor of defendant-appellees CIGNA and its wholly owned subsidiary Insurance Company of North America ("ICNA") on a sexual harassment claim under Mass. Gen. L. ch. 151B. The district court found that Stanislas failed to comply with the statute of limitations contained in Mass. Gen. L. ch. 151B, 5. Our review of the grant of summary judgment is plenary, and we read the record in the light most favorable to the party contesting the summary judgment. See, e.g., Cambridge Plating Co. v. Napco, Inc., ___ ____ _____________________ ___________ 991 F.2d 21, 24 (1st Cir. 1993). Stanislas alleged that her immediate supervisor, John A. Cvejanovich, engaged in repeated acts of sexual harassment towards her beginning in November 1990. Stanislas, the office administrator of ICNA's Springfield, Massachusetts, field litigation office, and Cvejanovich, the managing attorney, last worked together on April 26, 1991, the Friday before Cvejanovich departed on a one-week vacation. On that day, according to Stanislas' affidavit, Cvejanovich demanded that Stanislas sleep with him or find someone else who would. On April 30, 1991, Stanislas reported Cvejanovich's conduct to another attorney in the office, who in turn notified ICNA's area supervisor, John Gilfoyle. On May 2nd -2- -2- and 3rd, two ICNA attorneys, Gilfoyle and Rob Gilbride, investigated Stanislas' claims. Gilfoyle instructed all of the office employees to stay home on May 6th, Cvejanovich's first day back at work; when Cvejanovich reported to work, Gilfoyle confronted him with Stanislas' allegations and offered him the choice of resigning or being terminated. Cvejanovich resigned.  When the office employees, including Stanislas, reported to work, Gilfoyle and Gilbride told them that Cvejanovich was no longer employed by ICNA. The employees were also advised to keep the matter confidential, and they were warned that the legal consequences of discussing the incident would be on the employees' heads.  Stanislas filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on October 30, 1991, and on June 22, 1992, brought the instant suit in federal district court. This appeal concerns Stanislas' claim under Mass. Gen. L. ch. 151B, 4(16A), which makes it unlawful for any employer "to sexually harass" an employee. On that claim, the district court granted summary judgment for defendants because Stanislas filed her MCAD complaint more than 6 months after the last incident of harassment. Before initiating a court action alleging a violation of section 151B, a plaintiff must file a complaint with MCAD within six months after the alleged act of discrimination. -3- -3- See Christo v. Edward G. Boyle Insurance Agency, Inc., 525 ___ _______ _______________________________________ N.E.2d 643, 645 (Mass. 1988); Mass. Gen. L. ch. 151B, 5, 9. "In the absence of a timely complaint to the MCAD, there may be no resort to the courts." Sereni v. Star Sportswear ______ _______________ Manufacturing Corp., 509 N.E.2d 1203, 1204 (Mass. 1987). The ___________________ last alleged incident of harassment occurred on April 26, 1991, but Stanislas' complaint with MCAD was not filed until October 30, 1991, four days after the six-month cut-off date. Stanislas challenges this conclusion on three grounds. First, she argues that the district court misconstrued the nature of her claim. M.G.L. ch. 151B, 1(18) defines sexual harassment as: Sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment. . . . Stanislas argues that while the last incident of "quid pro quo" harassment (as defined in clause (a)) occurred on April 26, the "hostile environment" harassment (as defined in clause (b)) continued until Stanislas knew that the threat of further harassment was removed, that is, until May 6, 1991. This argument is unavailing. Sexual harassment is defined as "[s]exual advances, requests for sexual favors, -4- -4- and other verbal or physical conduct of a sexual nature" having the effect of (inter alia) creating a hostile work __________ environment. It is the acts having the specified effect that ____ constitute the harassment. There is no indication here that there was any delay between the last act and its effect, so the act was ripe for a complaint. The last act of sexual ___ harassment alleged by Stanislas occurred on April 26, 1991, and the six month limitations period runs from that date. Cf. Ching v. MITRE Corp., 921 F.2d 11, 14 (1st Cir. 1990). ___ _____ ___________ Second, Stanislas argues that her claim is protected under 804 C.M.R. 1.03(2), which provides that "the six month requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature." Conduct may be continuing if it involves an ongoing policy or practice of the employer which, if prolonged into the limitations period, permits the suit. Jensen v. Frank, 912 ______ _____ F.2d 517, 523 (1st Cir. 1990). But there is no claim here that Cvejanovich's conduct was part of any policy or practice of the defendants. Alternatively, a serial violation may occur where there are "a number of discriminatory acts emanating from the same discriminatory animus," Sabree v. United Broth. of Carpenters ______ ___________________________ and Joiners, 921 F.2d 396, 400 (1st Cir. 1990) (quoting ____________ Jensen, 912 F.2d at 522), but "[i]n order for the violation ______ -5- -5- to be actionable, at least one act in the series must fall ______________________ within the limitations period." Sabree, 921 F.2d at 400 ______ (emphasis added). In the instant case, the final act of harassment alleged occurred on April 26, 1991; in fact, there was no professional contact between Cvejanovich and Stanislas after that date. Third, Stanislas argues that the warning given by Gilfoyle and Gilbride that she keep the matter confidential constitutes justification for equitable modification of the statute of limitations. The statute of limitations under ch. 151B, 5, is subject to equitable modification. See ___ Christo, 525 N.E.2d at 645. The basis urged here is that _______ defendants unfairly discouraged Stanislas from exercising her rights. Cf. Felty v. Graves-Humphreys Co., 785 F.2d 516, ___ _____ _____________________ 519-20 (4th Cir. 1986). Because this issue was first raised in a motion under Fed. R. Civ. P. 60(b)(6) for reconsideration of the district court's grant of summary judgment, we review the district judge's determination only for abuse of discretion. See ___ Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988). ________ _____________ There is no evidence that the warning by Gilfoyle and Gilbride was inappropriate in light of the risks presented (e.g., defamation) or that it was intended to discourage the ____ -6- -6- filing of a complaint with MCAD.1 We think that it was within the sound discretion of the trial court to decline to reopen the case to entertain this belated equitable claim of very doubtful merit. Affirmed. ________  ____________________ 1Nor is it clear that the warning had any such effect. As a matter of fact, Stanislas consulted with an attorney at least several days prior to the expiration of the limitations period. -7- -7-