Paul Wayne SMITH, Plaintiff,

v.

**ALABAMA DEPARTMENT OF CORRECTIONS, et al., Defendants.**

No. Civ.A. 00–A–1718–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 27, 2001.

Jimmy L. DeBardelaben, DeBardelaben, Norwood & Westry, PC, Montgomery, AL, for Paul Wayne Smith, plaintiff.

Kim T. Thomas, Legal Division, Montgomery, AL, for Alabama Department of Corrections, an agency of the State of Alabama, defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. # 8) filed by the Defendants, the Alabama Department of Corrections, Michael Haley, Leoneal Davis, and Robert Sanford ("Defendants") on January 24, 2001.

The Plaintiff originally filed his Complaint in this case on December 22, 2000. He brings claims in Count I of the Complaint for violations of Title VII and 42

U.S.C. § 1981, in Count II for retaliation, and in Count III for denial of Equal Protection.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II. *MOTION TO DISMISS STANDARD*

■■■ A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not … [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

## III. *FACTS*

The allegations of the Plaintiff's Amended Complaint are as follows:

The Plaintiff states that the Department of Corrections has maintained a pattern, practice, policy, and procedure of discriminating against him on the basis of race.[1] He alleges that he has been denied positions of Advanced Training Supervisor and Warden I. He also alleges that he has been subjected to harassment on the basis of his race and that a written reprimand was placed in his personnel file, and that neither of the incidents upon which the reprimand was based occurred in the manner described in the written reprimand.

## IV. *DISCUSSION*

The Defendants have moved for dismissal on three grounds: that the Plaintiff fails to state a claim for which relief can be granted, that the claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 are barred by the two year statute of limitations, and the Plaintiff's claims under Title VII are barred as the events alleged in the Complaint occurred more than 180 days prior to the date of the filing of the EEOC charge. Specifically, the Defendants argue that the actions which form the basis of the Plaintiff's claims occurred prior to December 22, 1998, and are, therefore, time-barred.[2] The Defendants further contend that the facts underlying the alleged Title VII claims occurred prior to May 7, 1999, 180 days prior to November 4, 1999, and so are also barred for failure to exhaust administrative remedies.

The Defendants state that only three allegations in the Complaint occurred after December 22, 1998. The first of these is an allegation that the Plaintiff did not receive a response from the Defendants to a letter which was written on April 3, 2000. The Defendants state that such an allegation cannot state a claim for relief because there is no constitutional right to a response to a letter. The second allegation consists of a series of performance evaluations. The Defendants state that this allegation shows that the Plaintiff's performance scores have increased. Finally, the Plaintiff has alleged that on May 10, 1999, a written reprimand was placed in his personnel file. The Defendants contend,

---

**1.** Although the Plaintiff cites in his Complaint to the Americans with Disabilities Act ("ADA") as a basis for jurisdiction in this court, the Complaint contains no factual allegations regarding a claim brought under that ADA. Accordingly, the Motion to Dismiss is due to be GRANTED as to any purported ADA claim.

**2.** All claims brought under 42 U.S.C. §§ 1981, 1983 in Alabama are subject to a two-year statute of limitations. *See Shows v. Morgan,* 40 F.Supp.2d 1345 (M.D.Ala.1999). The Complaint in this case was filed on December 22, 2000.

however, that the Plaintiff became aware that a written reprimand was going to be issued before December 22, 1998 and May 7, 1999, so that any §§ 1981, 1983, and Title VII claims based on this event are also barred.

■ The Plaintiff argues that the letter he wrote inquiring about a promotion to which he never received a response is evidence of a continuing violation. The Plaintiff argues that since January 29, 1997, there have been at least six positions of Warden I which have been filled without the Plaintiff having been contacted or interviewed for the position. The Plaintiff alleges that he is listed as number one on the registry for Warden I. The Plaintiff has argued that the discrimination occurs to this day because he remains number one on the registry, but has never been interviewed. The Plaintiff argues, therefore, that his claim of discrimination is viable as a continuing and ongoing failure to promote. The Defendants respond that the Plaintiff's failure to promote claims are not closely enough related to constitute a continuing violation under *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 800–01 (11th Cir.1988).

This court has previously analyzed in another case an argument similar to the Plaintiff's argument in this case. *See Lane v. Ogden*, 13 F.Supp.2d 1261 (M.D.Ala.1998). In *Lane*, this court rejected an argument that discrete decisions not to promote a plaintiff could constitute a continuing violation, because the actions alleged were discrete decisions, not a "series-of-related-acts" which would not have become apparent to the plaintiff until a pattern arose. *See id.* at 1271. Applying the same reasoning in this case, the court concludes that all of the §§ 1981 and 1983 claims based on promotions made prior to December 22, 1998 are barred, and any Title VII claims based on promotions made prior to May 7, 1999 are also barred.

■ The court also notes that the Plaintiff has challenged that he was not given the position of Advanced Training Supervisor at Kilby Correctional Facility in August 1998. This employment decision occurred more than two years before the Complaint was filed in this case and more than 180 days before the EEOC charge was filed by the Plaintiff. The court finds no support for applying the continuing violation doctrine to this employment action. *See id.* at 1270–71. The Motion to Dismiss is, therefore, due to be GRANTED as to all of these time-barred employment decisions.

In response to the Defendants' pointing out that the Plaintiff's performance evaluations have improved, the Plaintiff agrees that his performance evaluations have improved, stating in his brief that since Defendant Davis was transferred to another institution, "some discrimination has ceased." Plaintiff's Response to Motion to Dismiss, page 4. The Plaintiff states that although his performance scores improved, they did so only after Davis left, showing a continuing and ongoing pattern of discrimination by Davis. *Id.* The Plaintiff states that he was given a 24.3 "meets standards" on November 20, 1998 when Davis was Warden, but has received scores of 35.7 and 37.1 in 1999 and 2000, respectively.

■ Although it is not clear, the Plaintiff may be contending that the 1999 and/or 2000 evaluations occurred within the relevant time periods, so that the November 1998 evaluation is not time-barred, nor barred for failure to exhaust administrative remedies. There is, however, no allegation that the later evaluations were discriminatory, but rather, the Plaintiff's theory is that the later evaluations demonstrate that the earlier evaluation given while Davis was Warden was discriminatory. While the Plaintiff contends that Davis had engaged in a continuing pattern of discrimination, there is no allegation that any discriminatory evaluation occurred within the relevant time period.

In addition, in the Complaint, the Plaintiff alleges that the November 1998 evaluation was lower than his November 1997 evaluation. Complaint at ¶ 21. Even under the allegations of the Complaint, therefore,

**1322**

the Plaintiff was aware, or at least believed, that he had been discriminated against when he received his November 1998 evaluation. "This court cannot allow a claim to be considered as 'continuing' only because [the Plaintiff] failed to seek relief." *Lane*, 13 F.Supp.2d at 1271 (quoting *Roberts*, 850 F.2d at 1550). Accordingly, any claims based on the Plaintiff's performance evaluations are barred, and the Motion to Dismiss is due to be GRANTED as to all claims based on the performance evaluations.

■ The Plaintiff also has alleged that a letter of reprimand was placed in his personnel file on May 10, 1999, which is a date that is within the 180 days of his having filed his EEOC charge on November 4, 1999, and is within two years of his having filed a Complaint in this case in December 2000. The Defendants have argued that because the Plaintiff had noticed a pattern of harassment shortly after April 6, 1997, he was aware that a reprimand or something similar was going to be placed in his file. The Plaintiff, however, challenges the act of placing the letter of reprimand in his personnel file. The Plaintiff states that there is nothing in the Complaint which would reveal that he knew a written reprimand would be placed in his personnel file.

At this stage in the proceedings, the Plaintiff's allegations with regard to the written reprimand appear to be distinct from those cases in which an employment decision is made known to the plaintiff, which starts the running of the limitations period, and in which the plaintiff's claims are barred even though the employment decision is not official until a time within the limitations period. *See e.g., Ching v. Mitre Corp.*, 921 F.2d 11, 14 (1st Cir.1990) (statute of limitations began running when the employee found out decision had been made to terminate employment, not on date he received the formal notification). In this case, merely because the Plaintiff was aware of alleged discrimination does not mean that he was aware that disciplinary actions were going to be taken against him, or that a written reprimand was go-

ing to be placed in his personnel file. As the event of placing a letter of reprimand in his personnel file occurred within 180 days of the Plaintiff's filing of the EEOC charge, and within two years of the filing of the Complaint in this case, the court must conclude that any claims based on this event are not barred.

The court cautions the Plaintiff, however, that it has had occasion in the past to conclude, based on a consideration of the evidence presented to the court, that a written counseling is not an adverse employment action. *See Merriweather v. Alabama Dept. of Pub. Safety*, 17 F.Supp.2d 1260, 1275 (M.D.Ala.1998), *aff'd*, 199 F.3d 443 (11th Cir.1999) (unpublished opinion). While the Plaintiff will ultimately have to present evidence to establish that his evaluation was a negative employment action, at this stage in the proceedings, the Plaintiff's allegations are sufficient to withstand the Motion to Dismiss filed in this case.

■ Finally, the Plaintiff also alleges that he suffered harassment until August 1999. The Defendants state that the denial of the advanced training position and the denials of the promotion occurred outside of the relevant time period, so the Plaintiff's claims are barred. There are, however, allegations in the Complaint which fall within the relevant time periods. Furthermore, harassment is a claim which generally is considered to be a continuing violation. *See Lane*, 13 F.Supp.2d at 1271–72. At this stage in the proceedings, therefore, the court must conclude that any claim based on alleged harassment is not time-barred.

**V. CONCLUSION**

For the reasons discussed, the Motion to Dismiss (Doc. # 8) is due to be and is ORDERED GRANTED in part and DENIED in part as follows:

1. The Motion to Dismiss is GRANTED as to all §§ 1981 and 1983 claims based on promotions made before December 22, 1998, and as to all Title VII claims

based on promotions made before May 7, 1999. The Motion to Dismiss is further GRANTED as to any claims based on the Plaintiff's performance evaluations, as to the denial of the Advanced Training Supervisor position, and as to any purported ADA claim.

2. The Motion to Dismiss is DENIED as to all §§ 1981 and 1983 claims based on promotions made after December 22, 1998, and as to all Title VII claims based on promotions made after May 7, 1999. The Motion to Dismiss is also DENIED as to the §§ 1981 and 1983 and Title VII claims based on a letter of reprimand being placed in the Plaintiff's personnel file. The Motion to Dismiss is further DE-NIED as to the Plaintiff's harassment claims.

The case will proceed on all three Counts in the Complaint, but the Plaintiff is limited to the theories that he suffered harassment; that a letter of reprimand was placed in his personnel file in May 1999; and for his §§ 1981 and 1983 claims, that he was denied promotions after December 22, 1998, and for his Title VII claims, that he was denied promotions after May 7, 1999.