COMMONWEALTH OF MASSACHUSETTS, Plaintiff,

v.

V & M MANAGEMENT, INC.; Alphonse Mourad, Individually and as the President and Officer of V & M Management; Felix Vasquez, Individually and as an Employee of V & M Management; and Mary Hill, Individually and as an Employee of V & M Management, Defendants.

Civ. A. No. 90–12374–H.

United States District Court, D. Massachusetts.

Dec. 6, 1990.

Natalie Robin Hardy, Fitch, Miller & Tourse, Sarah M. Morison, Atty. Gen., Torts Div., Boston, Mass., for plaintiff.

Victor Aronow, Phoenix, Ariz., for defendants.

MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Defendant V & M Management, Inc., and its sole shareholder, Alphonse Mourad, own and operate the Westminster/Willard Place low-income housing project in Roxbury,

Massachusetts. The housing project is federally-subsidized as part of a Section 8 Housing Assistance Payments Contract with the United States Department of Housing and Urban Development ("HUD"). Inspections of the housing project in September, 1990 revealed numerous violations of state and federal housing statutes and regulations. The Massachusetts Attorney General, therefore, filed this action on behalf of the Commonwealth of Massachusetts (the "Commonwealth") to protect the residential tenants and to restrain defendants from committing further violations.

This action was originally filed in the Massachusetts Superior Court. Defendants now petition for removal pursuant to 28 U.S.C. § 1441(c), asserting that this Court could have entertained original jurisdiction over this action under 28 U.S.C. § 1331. It is this limited question—the propriety of removal to the federal court—which now concerns this Court.

### The Nature of the Case

In 1967 the Massachusetts Legislature enacted the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A ("Chapter 93A"). Chapter 93A seeks to ensure an equitable relationship between consumers and persons engaged in business by protecting consumers from "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass.Gen.L. ch 93A, § 2(a). The statute charges the Attorney General of the Commonwealth with promulgating rules and regulations defining "unfair and deceptive acts," Mass.Gen.L. ch. 93A, § 2(c), and it further empowers the Attorney General to bring an action in the name of the Commonwealth to restrain individuals from engaging in such acts. Mass.Gen.L. ch. 93A, § 4.

In the case before this Court, the Attorney General exercised his authority under Chapter 93A to bring suit against the defendants for alleged mismanagement of the Westminster/Willard Place housing project, neglect of property, and complete disregard for housing laws and regulations. The entire thrust of the action is that the defendants violated the State's extensive regulatory scheme governing the landlord/tenant relationship, and, thus, that they violated the Massachusetts Consumer Protection Act. The Commonwealth seeks to restrain the defendants from further violations, because it believes that enforcement of the housing laws is a matter of vital concern to the Commonwealth and its citizens.

Count I of the Commonwealth's Complaint delineates specific violations of Massachusetts and federal housing statutes and regulations which, pursuant to the Attorney General's Landlord–Tenant Regulations, 940 C.M.R. 3.17, constitute *per se* violations of Chapter 93A. In particular, Count I sets forth sixteen distinct violations of Massachusetts housing statutes or regulations and five violations of federal statutes or regulations which allegedly amount to "unfair and deceptive acts and practices" under Chapter 93A. (Complaint, ¶¶ 64–65). In addition, Counts II through XIII of the Complaint allege separate and independent violations of certain of these state or federal statutes or regulations. (Complaint, ¶¶ 66–97).

### The Question of Removal

Defendants contend that Counts I, V, VII, VIII, IX and XIII are all dependent for their resolution, in whole or in part, upon the interpretation of federal laws, statutes, regulations and contracts.[1] Thus, these claims, defendants argue, "arise under" the laws of the United States, and this Court has original jurisdiction over them. *See* 28 U.S.C. § 1331. The entire case is,

---

**1.** Count I, as discussed, alleges that defendants' violations of certain federal housing regulations give rise to liability under Chapter 93A. Count V alleges violations of the HUD regulations, 24 C.F.R. § 886.301, *et seq.*, governing Section 8 subsidized housing. Count VII alleges violations of the federal unfair debt collection statute, 15 U.S.C. §§ 1692c and 1692e. Count VIII alleges violations of the federal regulations, 24 C.F.R. §§ 8.24 and 8.26, governing handicap accessibility. Count IX alleges violations of 12 U.S.C. § 1715z–1b and 24 C.F.R. § 245, governing tenants' rights to organize. Count XIII alleges a breach of the Section 8 Housing Assistance Payments Contract.

therefore, one which may be removed to this Court pursuant to 28 U.S.C. § 1441(c).

In its opposition to the defendants' Petition for Removal, the Commonwealth characterizes its Complaint, not as one asserting a federal cause of action, but as one presenting a "detailed state law claim" which alleges that "defendants have engaged in an array of unfair and deceptive conduct." (Commonwealth's Memorandum of Law in Opposition to Removal, pp. 9–10). The individual violations of federal law contained in the Complaint do not function as separate claims for relief; rather, they merely serve as "evidence" of the extent of defendants' state law violation.

■ The Commonwealth's argument has some force. Indeed, the Supreme Court has held that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"). Rather, federal-question jurisdiction extends only to those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action, *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (summarizing the test for federal-question jurisdiction).

■ In Count I of the Complaint, the Commonwealth lists five distinct violations of federal housing regulations, but these violations can only be interpreted as *indicia* of the defendants' numerous unfair and deceptive housing practices. The federal regulations are an "element" of the state claim, but only insofar as the Attorney General has provided for their incorpo-ration into the definition of those "unfair and deceptive practices" that are *per se* violative of Chapter 93A. This Court will not construe the Commonwealth's reference to federal regulations in Count I as creating "substantial questions of federal law" sufficient to confer jurisdiction on this Court. *Cf. Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 814, 106 S.Ct. at 3235.

The Commonwealth, then, is correct in characterizing its Chapter 93A claim as essentially a state law claim, despite the references to federal law. And were this Court faced with a Complaint, alleging solely a violation of Chapter 93A as set forth in Count I, it would be disposed to remand the case to the Superior Court for adjudication. The Court, however, is faced with a very different case.

The Commonwealth asserts twelve additional independent counts, each alleging separate violations of state and/or federal law. Five of those independent counts— Counts V, VII, VIII, IX and XIII—are based *purely* upon violations of federal statutes, regulations or contracts. As defendants correctly indicate, these counts fall within the original jurisdiction of this Court, and, thus, removal of the entire action is proper.

Though the Commonwealth contends that these additional counts function merely to further delineate the Chapter 93A claim and to provide specific evidence supporting that claim, the subparagraphs which comprise Count I certainly fulfill that purpose, and any additional information the Commonwealth wished to present in its Complaint could have been easily incorporated into those subparagraphs. Moreover, the Court cannot ignore the plain language of the Commonwealth's own complaint. *Cf. Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914) (stating that federal-question jurisdiction "must be determined from what necessarily appears in the plaintiff's own claim in the bill or declaration"). Nowhere in Counts II through XIII does the Commonwealth suggest that the violations set forth in a particular count are merely further examples of "unfair and

deceptive acts or practices." Each count simply describes specific acts allegedly performed by defendants and, then, labels those acts as conduct violative of a specific state or federal statute or regulation.

Just as a plaintiff may not "close off [a] defendant's right to a federal forum" by employing "artful pleading," *see Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981), a plaintiff may not avoid proper removal to a federal forum by declaring "inartful pleading." If the twelve additional counts are unnecessary to the Commonwealth's action,[2] perhaps they should not have been included in the Complaint. However, at this time, this Court is asked only to examine the Complaint, as drafted by the Commonwealth, to determine whether there exist adequate grounds for removal; and, on the face of the Complaint as drafted, the Court finds that such grounds do exist.

This Court recognizes that the landlord/tenant relationship is fundamentally a matter of state law, and judicial policy would dictate that courts not disrupt state efforts at regulation in this area. Nevertheless, judicial policy also requires that courts exercise the jurisdiction given them, where, to do otherwise, improperly would deny parties their right to have their dispute resolved in a federal forum.

The five counts of the Commonwealth's Complaint, which raise purely federal claims, provide a sufficient basis for removal in this case. Thus, Defendants' Petition for Removal is granted, and the Commonwealth's Motion to Abstain and Remand is denied. Should the five federal counts— Counts V, VII, VIII, IX, and XIII—be dismissed before trial, however, this Court may reconsider its decision to exercise jurisdiction in this case.

---

**2.** The Commonwealth suggests that it seeks relief solely under Chapter 93A, though the prayer for relief in the Complaint does not so indicate. The Court recognizes that jurisdiction depends, in part, on the relief demanded by the plaintiff,

*see Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 658, 59 L.Ed. 1056 (1915), but the Court does not view the Commonwealth's request for relief as uniquely available under Chapter 93A.