**Linda EVANS, Plaintiff,**

v.

**SENTRY PROPERTY MANAGEMENT CORPORATION, Defendant.**

Civ. A. No. 94–10201–EFH.

United States District Court,
D. Massachusetts.

May 16, 1994.

Jeffrey P. Petrucelly, Petrucelly & Nadler, Boston, MA, for plaintiff.

Diane C. Tillotson, James P. Warner, Hemenway & Barnes, Boston, MA, for defendant.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Linda Evans Moves this Court to Remand the above-entitled action to the Boston Housing Court. The Plaintiff is a residential tenant of housing of which the United States Department of Housing and Urban development ("HUD") is the mortgagee-in-possession and the Defendant Sentry Property Management Corporation ("Sentry") is the manager.

---

Plaintiff filed a six-count Complaint in the Boston Housing Court on January 12, 1994, alleging various breaches of her rights under Massachusetts landlord/tenant law.[1] The Complaint did not allege any infraction of federal law, nor did it name the United States or any federal agency as defendants.[2] On or about February 13, 1994, Defendant Sentry removed the case from the state court to this Court, stating that the National Housing Act, 12 U.S.C. §§ 1701, *et seq.*, 1701z–11(c), preempts the plaintiff's claims.

In support of its Motion to Remand, the plaintiff argues that because her well-pleaded Complaint does not raise a federal question, federal jurisdiction under 28 U.S.C. § 1331 is lacking and therefore removal under 28 U.S.C. § 1441(b) was improper. Conversely, the defendant contends that because the National Housing Act, *supra*, preempts the plaintiff's state-law claims, the action necessarily "arises under" federal law and therefore removal was permissible. For the reasons stated below, this Court concludes that the Defendant's removal was improper.

■ The law relating to the removal of cases, pursuant to 28 U.S.C. § 1441(b), is clear. Federal jurisdiction must appear on the face of the complaint in order to remove a state claim to federal court. *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Hernandez–Agosto v. Romero–Barcelo*, 748 F.2d 1, 2 (1st Cir.1984). Accordingly, in *Commonwealth of Massachusetts v. V & M Management, Inc.*, this Court stated that:

> [F]ederal-question jurisdiction extends only to those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action, *or* that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law.

752 F.Supp. 519, 521 (D.Mass.1990), *aff'd*, 929 F.2d 830 (1st Cir.1991).

■ In the instant case, the plaintiff's Complaint is based solely on alleged violations of state landlord/tenant law. The Complaint neither establishes that federal law creates the cause of action, nor that the plaintiff's rights are dependent upon the resolution of federal law. Furthermore, this Court has already "recognized that the landlord/tenant relationship is fundamentally a matter of state law, and judicial policy would dictate that Courts not disrupt state efforts at regulation in this area." 752 F.Supp. at 522.

Defendant Sentry cites to *Brock v. Lorenzo Pitts, Inc.*, No. 91–10556–K (Keeton, J., D. Mass. June 7, 1991), for support. In *Brock*, the Court concluded that the "plaintiff's implied warranty and quiet enjoyment claims and her Chapter 93A claim against defendant, an agent of HUD, are governed by federal law and that they must be recharacterized as claims arising under federal law." In so concluding, the Court denied the plaintiff's Motion to Remand and affirmed its removal jurisdiction under 28 U.S.C. § 1441(b).

This Court respectfully declines to follow the reasoning in *Brock*. Federal courts should not expand their jurisdiction by federalizing matters which are, in essence, state claims. A federal court is a court of limited jurisdiction and its jurisdiction should not be readily enlarged to require it to become involved in deciding the formalities and intricacies of local property and lease law which fall, more properly, within the purview of the state courts. It would be a dangerous precedent to hold that federal funding alone can transform that which is strictly a state cause of action into a federal case, for the consequence would be that federal courts would

---

1. In Counts I and II, respectively, she alleged violations of the implied warranty of habitability and the covenant of quiet enjoyment. In Count III, she alleged retaliatory eviction in violation of Mass.Gen.L. ch. 186, § 18. In Counts IV and V, she alleged separate negligence claims, and in Count VI, she alleged a violation of Mass.Gen. L. ch. 93A arising from the defendant's alleged housing violations.

2. The defendant in the instant case, Sentry, is not an agent of HUD, but rather an independent contractor. The National Housing Act and the contract between HUD and the defendant indicate that HUD does not control Defendant Sentry's daily operations. Rather, Defendant Sentry carries out its duties independently of HUD.

then become inundated by the minutiae of state litigation.

Accordingly, the Plaintiff's Motion to Remand this action to the Boston Housing Court is granted.

SO ORDERED.