UNIVERSITY BOOKS AND VIDEOS,
INC., d/b/a University Books,
Plaintiff,

v.

METROPOLITAN DADE COUNTY,
Defendant.

DBJ ENTERPRISES, INC., d/b/a
The Hot Stop, Plaintiff,

v.

METROPOLITAN DADE COUNTY,
Defendant.

11711 BOOK AND VIDEO CORP.
and 2316 Corp., Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

MIAMI FACTOR, INC., Plaintiff,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

PRIME TIME BOOK AND VIDEO,
INC. and John Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

PERRINE ADULT BOOK AND VIDEO,
INC. and John Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

14907 SN CORP. and John
Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

BIRD ROAD BOOK AND
VIDEO, Plaintiff,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

HOME OF THE BRAVE LAND OF THE
FREE and John Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

7351 XZ, INC., a Florida corporation
and John Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

MR. OLIVER, INC., a Florida corpo-
ration, d/b/a Happy Books, and
John Doe, Plaintiffs,

v.

METROPOLITAN DADE COUNTY,
et al., Defendants.

Nos. 96–0952–CIV, 96–0962–CIV, 96–0995–
CIV, 96–0996–CIV, 96–1139–CIV, 96–
1141–CIV, 96–1143–CIV, 96–1339–CIV,
96–1140–CIV, 96–1338–CIV and 96–1337–
CIV.

United States District Court,
S.D. Florida.

July 3, 1996.

Peter Fucci, John McInnis, Assistant County Attorney, Miami, FL, for Defendants.

Nathaniel L. Barone, Jr., Coral Gables, FL, Clyde DeWitt, Beverly Hills, CA, Barry L. Halpern, Coral Gables, FL, Daniel Aaronson, Ft. Lauderdale, FL, David Wasserman, Winter Park, FL, Yale T. Freeman, Naples, FL, Luke Charles Lirot, Tampa, FL, for Plaintiffs.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Motions to Remand filed by Plaintiffs in these consolidated cases. Defendants filed an omnibus response on June 24, 1996. Oral argument was held on June 27, 1996.

### I. Factual and Procedural Background

Plaintiffs, various "adult" bookstores and their individual patrons, challenge the constitutionality of Dade County Ordinance 96–13 ("Ordinance"), which regulates establishments that disseminate sexually-oriented materials. Among other things, the Ordinance requires open entranceways and video booths, establishes minimum lighting requirements, and imposes civil and criminal penalties for violations of the Ordinance.

Plaintiffs filed complaints for injunctive and declaratory relief in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Five of the cases were assigned to the Honorable Murray Goldman. (Pl.Mot.Par. 3.) On April 15, 1996, Judge Goldman entered an agreed Order whereby Defendants were enjoined from enforcing the Ordinance until Judge Goldman could conduct a plenary hearing on Plaintiffs' Motions for Temporary Injunction. (Pl.Mot.Par. 3.) In the interim, Defendants removed the cases. The cases were eventually transferred to this division of Court, where they were consolidated with the lead case, *University Books and Videos, Inc. d/b/a University Books v. Metropolitan Dade County*, Case No. 96–0952–CIV–KING.

Plaintiffs argue that the presence of complex and significant issues of state constitutional law militates in favor of remand. Specifically, they contend that their claims are grounded in the right to privacy explicitly afforded by the Florida Constitution, and being expanded by Florida courts. Fla. Const. Art. I Sec. 23; *see BB v. State*, 659 So.2d 256, 258–59 (Fla.1995) (relying on Section 23 to invalidate statute that criminalized consensual sexual intercourse between minors); *Singletary v. Costello*, 665 So.2d 1099, 1103 (Fla.Dist.Ct.App.1996) (holding that state prisoner is entitled to refuse medical treatment). Defendants dispute this characterization of Plaintiffs' Complaints, arguing that adjudication in the federal forum is appropriate because the majority of the claims pose challenges based on the First Amendment to the United States Constitution.

### II. Analysis

■ At oral argument, Plaintiffs correctly noted that the remand and abstention doctrines require different analysis. So, too, does the standard of review differ. A court's decision to remand a case is insulated from review, while a court's application of the abstention doctrine is reviewable for abuse of discretion. However, a federal court's improper retention of a removed case is reviewable. *See Hill v. Marston*, 13 F.3d 1548, 1551 (11th Cir.1994). Without regard to reviewability, the Court concludes that the abstention doctrine, in any of its formulations, is inapplicable here.

■ Plaintiffs first rely on *Pullman* abstention, which allows a federal court to ab-

stain if faced with adjudication of an unsettled issue of state law, which issue would be dispositive of the case or would avoid or substantially modify the constitutional question. *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 497–99, 61 S.Ct. 643, 644, 85 L.Ed. 971 (1941); *Duke v. James,* 713 F.2d 1506, 1510 (11th Cir.1983).

The crux of Plaintiffs' argument is that *Pullman* abstention is warranted "[i]n light of the broad expansion of state right to privacy concepts ..., the recurring percolation of this claim in Florida courts, and its potential pending resolution by the State Supreme Court in [*Bordo, Inc. v. Board of County Comm'rs, Broward County* ]. Plaintiffs' reliance on the pendency of *Bordo* is misplaced. The question certified therein is as follows:

> Is an ordinance that requires modifications to only the interior structure of a building an ordinance that "affects the use of land" within the meaning of Section 125.66, Florida Statutes?

The object of local government regulation—"adult" establishments—is the same in *Bordo* and in the instant cases. The legal issue is not. In summarizing their argument before the Florida Supreme Court, the *Bordo* petitioners begin by challenging the procedural validity of the Broward County ordinance, alleging that it was not enacted in compliance with the notice and public hearing requirements of the Florida Statutes. (Def.Ex. B. at 7.) The petitioners also claim that the ordinance constitutes an unconstitutional infringement on their First Amendment rights by granting the government unfettered discretion in the licensing of adult entertainment businesses. (Def.Ex. B. at 7.)

Plaintiffs urge the Court to follow the lead of Judge Nesbitt, who relied on *Pullman* and *Bordo* to abstain from exercising jurisdiction over *Bordo,* then captioned *Int'l Eateries of America v. Bd. of County Comm'rs, Broward County,* 838 F.Supp. 580 (S.D.Fla.1993). Judge Nesbitt succinctly summarized the issue: "[This] case involves the construction of a local ordinance in connection with multiple provisions of the state's statutory code governing land use and zoning and with multiple provisions of the State Constitution governing matters such as notice of public meetings and privacy." *Int'l Eateries,* 838 F.Supp. at 586. Although Judge Nesbitt recognized

that the state right to privacy might be one factor in adjudication of the claims, her characterization of the issues before her belies Plaintiffs' claims that a ruling in *Bordo* would extinguish the instant cases.

Moreover, Plaintiffs appear to have belatedly appreciated the importance of their state law privacy claim. Having reviewed the Complaints in light of the parties' arguments, the Court concludes that the state law privacy claim would not substantially modify or moot the First Amendment issues with which the Complaints abound. For example, Plaintiffs begin by asserting that their "activities and operations ... are forms of speech and expression protected under the First Amendment." (Compl.Par. 14.) Plaintiffs term the Ordinance a "Prior Restraint/Unreasonable Time, Place and Manner Restriction" (Count I). Multiple definitions contained in the Ordinance are said to be "arbitrary and overbroad" or "arbitrary, vague and overbroad." (Counts II–VIII). The Court is satisfied that the application of *Pullman* abstention is unwarranted here.

Plaintiffs further argue that these cases are amenable to disposition under the *Burford* doctrine, which sets forth certain circumstances in which a federal court must decline to interfere with the proceedings or orders of state administrative agencies. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989). Because Defendants are not "state administrative agencies," Plaintiffs' argument is unavailing.

Finally, Plaintiffs argue that abstention is appropriate due to the pendency of parallel state court proceedings. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 812–14, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Defendants' filing of their Notices of Removal terminated the state court's jurisdiction over these cases. *Maseda v. Honda Motor Co., Ltd.,* 861 F.2d 1248, 1254 n. 11 (11th Cir.1988). In a misguided attempt to establish the pendency of parallel proceedings, Plaintiffs argued orally that a similar action has been recently filed

in state court, asserting only the state privacy rights discussed above. This argument is meritless.

■ "When plaintiffs' complaint clearly raises a federal issue on its face, any attempt to minimize those claims in an effort to circumvent removal will fail." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* Section 3722 n. 55; *See Commonwealth of Massachusetts v. V & M Management, Inc.,* 752 F.Supp. 519, 522 (D.C.Mass.1990) ("Just as plaintiff may not 'close off [a] defendant's right to a federal forum' by employing 'artful pleading,' a plaintiff may not avoid proper removal to a federal forum by declaring 'inartful pleading'."). The Court concludes that Defendants have properly exercised their right to defend against Plaintiffs' claims in a federal forum. *Cf. Carpenter v. Wichita Falls Indep. School Dist.,* 44 F.3d 362, 367 (5th Cir.1995) (ordering remand of case where state constitutional right was broader than federal counterpart but where the state court petition alleged only violations of state law). The Motions for Remand should therefore be denied, and a hearing on the pending motions to dismiss shall be set by separate Order.

### III.   Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiffs' Motions for Remand be, and the same are hereby, DENIED.

DONE and ORDERED.