**Camilla D. MARTIN, Plaintiff,**

v.

**Susan LAGUALT, John Bowditch, and McGinnes Chevrolet–Buick, Defendants.**

**No. 2:04CV215.**

United States District Court, E.D. Virginia, Norfolk Division.

April 26, 2004.

---

Camilla D. Martin, Suffolk, VA, Pro se.

Robert G. Harrington, Esquire, Robert Harrington & Associates, Richmond, VA, for Defendants.

## OPINION AND REMAND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's objection to defendants' notice of removal. For the reasons set forth below, this matter is **REMANDED** to the Circuit Court for the City of Suffolk, Virginia.

On February 25, 2004, plaintiff filed a motion for judgment in the Circuit Court for the City of Suffolk, Virginia, seeking compensatory and punitive damages in the amount of $100,000. Plaintiff's motion for judgment states, "COMES NOW your Plaintiff, Camilla D. Martin by [sic] Pro Se and moves for judgment against the Defendant(s) ... for common law defamation (libel) and statutory violation of § 8.01–45 Code of Virginia[1] on the grounds and in the amount hereinafter set forth below." The motion for judgment then alleges that on or about February 18, 2004, the defendants defamed plaintiff by leaving voice messages at her home and at her supervisor's office stating that she was in financial peril for failure to make car payments, and that, if payment was not received at once, plaintiff would be arrested for grand theft. At paragraph 5, the motion for judgment makes reference to the titles of four sections of the Fair Debt Collection Practices Act ("FDCPA"), a federal statute which, among other things, creates a private cause of action against creditors for the

---

1. Section 8.01–45 provides: "Action for insulting words.—All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." Va.Code. Ann. § 8.01–45 (2000).

use of unseemly debt collection techniques.[2] Plaintiff does not, however, allege that she is entitled to any relief on the basis that defendants violated this or any other federal statute. The remainder of the motion for judgment attempts to set forth claims for common law defamation and under Virginia Code § 8.01–45.

Defendants were served with a copy of the motion for judgment on March 8, 2004. On March 26, 2004, defendants filed a notice of removal, stating as grounds for removal that plaintiff "alleges that the Defendants violated certain provisions of the Fair Debt Collection Practice Act, 15 U.S.C. 1601 et seq. [sic] which confers original Federal [sic] question subject matter jurisdiction fir [sic] determination of this controversy." The notice also states that both plaintiff and defendants are citizens and residents of Virginia.

On April 1, 2004, plaintiff filed an objection to the notice of removal, stating that she filed the motion for judgment solely for common law defamation and violation of § 8.01–45, and that this court therefore has no jurisdiction over the above-captioned lawsuit. Defendants have not responded to plaintiff's objection, and the time to respond has passed. The objection to the notice of removal is ripe for review.

In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a) (1994). Section 1441(c) states

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c). Thus, if the plaintiff could have originally filed any of her claims in this court on the basis of § 1331 federal question jurisdiction, then the defendants are permitted to remove the entire matter.

■ The "well-pleaded complaint" rule governs whether federal question jurisdiction under § 1331 exists over a claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, federal jurisdiction exists only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* Under this rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* In other words, "the plaintiff may omit a meritorious claim if that is the plaintiff's choice."[3] *Envtl. Remediation Holding Corp. v. Talisman Capital*

---

**2.** The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601, 1692–1692o (1997).

**3.** Of course, a plaintiff cannot avoid removal by purposely failing to plead *necessary* federal questions where federal law has completely preempted the state law causes of action upon which plaintiff seeks recovery. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("[I]f a federal cause of action completely pre-empts [sic] a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."). This "corollary" to the well-pleaded complaint rule is inapplicable here, however, because the Fair Debt Collection Practices Act can in no way be construed to completely preempt state-law causes of action arising from defamation or insulting words.

*Opportunity Fund,* 106 F.Supp.2d 1088, 1092 (D.Colo.2000).

When evaluating the propriety of removal, the district court must determine the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was filed. *Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990) (citations omitted).[4] The mere mention of a federal statute in the course of setting forth state-law claims does not confer federal jurisdiction. *In re Bridgestone/Firestone Tires Products Liability Litigation,* 203 F.Supp.2d 1032, 1036 (S.D.Ind.2002). When a claim arises under state law, "federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a *necessary element* of one of the well-pleaded state law claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Plaintiff's complaint clearly shows that plaintiff is seeking compensatory and punitive damages under Virginia defamation and insulting words law, not under federal fair debt collection law. It appears that the *pro se* plaintiff includes her citation to FDCPA solely for the purpose of demonstrating that the defendants' alleged statements were defamatory. Violation of the federal FDCPA, however, is not a necessary element of a Virginia defamation or insulting words claim.[5] In fact, whether defendants have violated FDCPA probably is not even relevant to the state-law claims. Plaintiff's mere mention of FDCPA in a complaint which seeks damages exclusively under state defamation and insulting words law is insufficient to vest this court with jurisdiction.

Accordingly, this matter is **REMANDED** to the Circuit Court for the City of Suffolk, Virginia, for all further proceedings. The Clerk is **DIRECTED** to send a copy of this Order to plaintiff and counsel for the defendants, and to take the necessary steps to effect this Remand Order.

**IT IS SO ORDERED.**

---

4. Amendment of the complaint after removal does not defeat federal jurisdiction. *Brown v. Eastern States Corp.,* 181 F.2d 26, 28 (4th Cir.1950), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). However, where the plaintiff voluntarily dismisses or moves to strike federal claims following removal, the district court has discretion to remand the remaining claims to state court. *See* 28 U.S.C. § 1441(c); *Ching,* 921 F.2d at 13.

5. In Virginia, when a private person is accused of committing a crime or otherwise defamed, a negligence standard applies in a common law defamation suit. "The plaintiff must prove by a preponderance of the evidence that the statement was false and that the defendant either knew the statement was false or, believing it to be true, lacked reasonable grounds for such belief or acted negligently in failing to ascertain the truth." *Food Lion, Inc. v. Melton,* 250 Va. 144, 150, 458 S.E.2d 580 (1995). Section 8.01–45 establishes two elements for an action for insulting words: (1) the words must be construed as insults from their usual construction and common acceptance, and (2) the words must tend toward violence and breach of the peace. *See* Va.Code. Ann. § 8.01–45. Thus, neither of plaintiff's claims require violation of FDCPA.