Lee DONALDSON, Plaintiff,

v.

THE CITY OF WALTERBORO PO-
LICE DEPARTMENT and the City of
Ridgeland Police Department, Defen-
dants.

No. CIVA 2:06CV02492 PMD.

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 28, 2006.

James H. Moss, Moss Kuhn and Fleming, Beaufort, SC, for Plaintiff.

Scott Timothy Justice, Scott T Justice Law Office, North, SC, for Defendant.

### ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff Lee Donaldson's ("Plaintiff") Motion to Remand to the Court of Common Pleas for Colleton County, South Carolina. For the reasons set forth herein, the court denies Plaintiff's Motion to Remand.

### BACKGROUND

On August 11, 2004, Plaintiff, a resident of Colleton County, pulled into his sister's driveway approximately 1/4 mile before reaching a roadblock operated by the Walterboro and Ridgeland City Police Departments. Plaintiff alleges that, without provocation, the police officers entered Plaintiff's sister's yard, physically assaulted Plaintiff, and arrested him without probable cause. Thereafter, the police officers escorted Plaintiff to the hospital, and then to jail. The criminal charges against Plaintiff were subsequently dismissed.

On or about August 8, 2006, Plaintiff filed a lawsuit in the Court of Common Pleas of the State of South Carolina alleging four causes of action: (1) illegal and unreasonable arrest in violation of the Fourth Amendment of the Constitution,[1] brought pursuant to 42 U.S.C. § 1983; (2) assault and battery; (3) malicious prosecution; and (4) negligence.

On September 5, 2006, Defendants filed a Notice of Removal with the United States District Court for the District of South Carolina. Defendants asserted that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's allegations that his rights under the United States Constitution had been violated. On October 3, 2006, Plaintiff filed a Motion to Remand the matter to state court, claiming that his right to relief did not necessarily depend on a question of federal

---

1. The Fourth Amendment guarantees that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

law and that any question of federal law was insubstantial.

## DISCUSSION

■■■ A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. *See* 28 U.S.C.A. § 1441(a). Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. *See Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994).

■■■ In this case, Defendants assert that the federal courts have jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In other words, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *King v. Marriott Int'l, Inc.,* 337 F.3d 421, No. 02–2139, slip op. at 5 (4th Cir.2003).

Thus, pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (internal citations omitted); *see also The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon.") (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great Northern R.R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."). Accordingly, under the well-pleaded complaint rule, courts "ordinarily ... look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir.1996). Moreover, "[w]hen evaluating the propriety of removal, the district court must determine the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was filed." *Martin v. Lagualt,* 315 F.Supp.2d 811, 814 (E.D.Va. 2004) (citation omitted).

■■■ Applying the well-pleaded complaint rule to the present case, the court finds that Plaintiff's Complaint clearly asserts a federal question capable of creating federal-question jurisdiction under 28 U.S.C. § 1331. In his Complaint, Plaintiff alleges that Defendants violated his rights under the Fourth Amendment of the United States Constitution by seizing him for an arrest without probable cause and using

**680**

excessive force during the arrest. (Complaint ¶¶ 12–13.) Accordingly, Plaintiff asserts his first cause of action pursuant to the federal statute 42 U.S.C. § 1983, which provides a civil remedy against state actors who violate a plaintiff's federally created rights. (Complaint ¶¶ 12–13.) This § 1983 cause of action clearly arises from federal law such that the requirements of federal-question jurisdiction are satisfied.[2]

■ Moreover, because the asserted state law causes of action are so related to the federal cause of action that they form part of the same case or controversy, this court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a). As such, the court finds that this entire case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a).

## CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons, that Plaintiff's Motion to Remand is **DENIED**.

**AND IT IS SO ORDERED.**

---

2. Plaintiff relies upon the ruling in *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811 (4th Cir. 2004) in arguing that under the "substantial federal question doctrine," his right to relief does not necessarily depend on a question of federal law. However, in *Dixon,* the cause of action at issue was created by South Carolina law, not federal law. The "substantial federal question doctrine" is not implicated in a case such as this one, which involves a cause of action arising directly from federal law. Therefore, the *Dixon* analysis is inapplicable.