MICKALIS PAWN SHOP, LLC and
Larry Mickalis, Individually,
Plaintiffs,

v.

Michael BLOOMBERG, Mayor of the City of New York, in his capacity as Mayor of New York City, and Individually; The City of New York, a New York Corporation; James Mintz Group, Inc., a Delaware corporation; Connie Reaves, a South Carolina Resident; and John Doe, Investigator, F.N.U/L.N.U., as yet unidentified, Defendants.

C.A. No.: 2:06–02794–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 29, 2007.

Carl Everette Pierce, II, Pierce Herns Sloan and McLeod, Justin Simon Kahn, Kahn Law Firm, Charleston, SC, for Plaintiffs.

George Trenholm Walker, Thomas H. Hesse, Pratt–Thomas Pearce Epting and Walker, Charleston, SC, Kenneth W. Taber, Pillsbury Winthrop Shaw Pittman, Melanie CT. Ash, Richard J. Costa, New York City Law Department, New York, NY, for Defendants.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff Mickalis Pawn Shop, LLC's ("Mickalis Pawn") and Plaintiff Larry Mickalis's ("Mr.Mickalis") Motion to Remand. For the reasons set forth herein, the court grants Plaintiffs' Motion to Remand.

### BACKGROUND

On May 15, 2006, the City of New York (the "City") filed suit in the United States District Court for the Eastern District of New York ("New York Action") against Mickalis Pawn, a pawn shop owned by Mr. Mickalis and located in Summerville, South Carolina. This suit also named fourteen other firearms dealers in Georgia, Ohio, Pennsylvania, and Virginia as defendants, alleging public nuisance and negligence against the firearms dealers for selling guns recovered from illegal possessors in the City or guns later connected with a crime in the City. In a press conference also held on May 15, 2006, Mayor Bloomberg stated,

> Between 1994 and 2001, guns purchased from these 15 dealers had been traced to more than 500 serious crimes in New York City including 20 actual or attempted homicides. Sometimes, the crimes were committed just days or weeks after the gun was bought; a sure sign that they were purchased for resale on the streets or cities across America, including our great city.... Our suit offers clear and compelling evidence that guns sold by these dealers are used in crimes by people ineligible to own a gun far more frequently than guns from other dealers. In other words, these dealers are the worst of the worst. They were either intentionally or negligently selling handguns in a manner that violates Federal Law usually by selling to straw purchasers.

Michael Bloomberg, Mayor of the City of N.Y., Press Conference on Suit Against Firearms Dealers (May 15, 2006). Mayor Bloomberg further stated, "We targeted those irresponsible dealers and we caught many of them red-handed," and he described how undercover investigators made simulated straw purchases from the firearms dealers named in the City's suit. *Id.*

On August 16, 2006, Mickalis Pawn and Mr. Mickalis filed suit against Defendants in the Court of Common Pleas, Berkeley County ("South Carolina Action"). In the complaint, Mickalis Pawn and Mr. Mickalis allege that Mickalis Pawn "has never been charged by any law enforcement agency for illegally selling firearms" and that "Defendants manufactured the underlying lawsuit and published the false and defamatory statements about Mickalis Pawn Shop as a political maneuver ..." (Complaint ¶¶ 12, 40.) Mickalis Pawn and Mr. Mickal-

is thus brought the following causes of action against Defendants:

1. Conspiracy
2. Fraud
3. Constructive fraud
4. Libel and slander
5. Violation of the South Carolina Unfair Trade Practices Act
6. Violation of the South Carolina Frivolous Civil Proceedings Sanctions Act
7. Abuse of process, and
8. Intentional infliction of emotional distress/outrage.

(*See* Compl.) Defendants then filed Notice of Removal on October 6, 2006, asserting this court "has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because at least one of Plaintiffs' claims ... 'aris[es] under the Constitution, laws or treaties of the United States[.]'" (Notice of Removal ¶ 6.)

On November 3, 2006, Plaintiffs filed a Motion to Remand. In their Motion to Remand and Supporting Memorandum, Plaintiffs argue the case *sub judice* does not present a federal question as they have asserted only state law claims against Defendants. Defendants oppose Plaintiffs' Motion to Remand, asserting Plaintiffs' "Complaint raises several substantial issues of federal law, including whether the conduct that forms the basis for [P]laintiffs' complaint violates the federal Gun Control Act of 1968 as determined through the 'straw man' doctrine." (Defs.' Resp. in Opp'n at 1.)

### *ANALYSIS*

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. *See* 28 U.S.C. § 1441(a). Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. *See Cater-*

*pillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994).

In this case, Defendants assert that the federal courts have jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In other words, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *see also King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir.2003). Thus, pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great N. R.R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ("[T]he

plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon ...."). Accordingly, courts "ordinarily ... look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996). Moreover, "[w]hen evaluating the propriety of removal, the district court must determine the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was filed." *Martin v. Lagualt*, 315 F.Supp.2d 811, 814 (E.D.Va.2004) (citation omitted).

 A lawsuit generally arises under the law creating the cause of action, and if federal law creates the cause of action, federal courts have subject matter jurisdiction. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004). However, if state law creates the cause of action, the court "must determine whether [the] case is within the 'small class of cases where ... the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331.'" *Id.* (quoting *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996)). Thus, as the Fourth Circuit stated in *Dixon*,

> [I]n the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is

improper and the case should be remanded to state court.

*Dixon*, 369 F.3d at 816.

 In the case *sub judice*, Plaintiffs assert a cause of action under the South Carolina Unfair Trade Practices Act ("SCUTPA"). The SCUTPA states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C.CODE § 39–5–20. For a plaintiff to recover under the SCUTPA, he or she must show:

> (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s).

*Wright v. Craft*, 372 S.C. 1, 53, 640 S.E.2d 486, 498 (Ct.App.2006). A trade practice is considered unfair " 'when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is deceptive when it has a tendency to deceive.' " *Adams v. G.J. Creel & Sons, Inc.*, 320 S.C. 274, 279, 465 S.E.2d 84, 86 (1995) (quoting *Young v. Century Lincoln–Mercury*, 302 S.C. 320, 326, 396 S.E.2d 105, 108 (Ct.App. 1989)).

 The following are allegations from Plaintiffs' Complaint:

> 23. On April 20, 2006, [two of the Defendants] entered Mickalis Pawn Shop posing as customers interested in purchasing a firearm. By providing false information to the sales representative and on the required United States Department of Justice ATF Firearms Transaction Record, [these two Defendants] committed a federal felony and knowingly and fraudulently induced the purchase of a handgun in violation of federal law.

. . .

67. Defendants fraudulently and illegally induced the purchase of a firearm from Mickalis Pawn Shop in violation of federal law for the purpose of creating the lawsuit initiated by Mr. Bloomberg and the City of New York.

(Compl.¶¶ 23, 67.) Defendants argue that although Plaintiffs "carefully" avoid citing the federal statute, the only conduct alleged in support of the SCUTPA claim is that Defendants violated federal law. (*See* Defs.' Resp. in Opp'n at 5–6.)[1] Plaintiffs argue remand is proper because "Plaintiffs' generic reference to 'federal law' does not create federal question jurisdiction in this case." (Pl.'s Mot. at 4.) Plaintiffs state,

Plaintiffs' [SC]UTPA claim is not premised on Defendants' violation of federal law. Rather, Defendants['] violation of federal law is just one of the examples of Defendants' unfair and deceptive acts set forth in the Complaint. It is not, as Defendants imply, the basis of the claim. To prove Defendants are liable under the [SC]UTPA, Plaintiffs need only establish Defendants "engaged in unfair or deceptive practices in the conduct of any trade or commerce" in violation of S.C.Code Ann. § 39–5–20, not that De-

fendants made misleading statements to the federal government.

(Pl.'s Mot. at 8.)

The court agrees with Plaintiffs. Defendants have not established that Plaintiffs' right to relief necessarily depends on a substantial question of federal law. Plaintiffs' complaint does state that certain Defendants committed a federal felony by providing false information to the sales representative and on the required United States Department of Justice ATF Firearms Transaction Record. (*See* Compl. ¶ 23.) However, Plaintiffs' mention of federal law is not sufficient to support federal subject matter jurisdiction. *See Mulcahey*, 29 F.3d at 153 ("Plaintiffs' citation of federal environmental statutes which provide for a private federal remedy is simply not enough to show congressional intent that we exercise federal jurisdiction."). Furthermore, Plaintiffs do not need to prove any of the Defendants violated federal law in order to recover under the SCUTPA. Plaintiffs need only prove Defendants engaged in an unfair or deceptive act in the conduct of trade or commerce. *See Wright*, 372 S.C. at 53, 640 S.E.2d at 498. Defendants argue Plaintiffs' SCUTPA claim is "wholly premised" upon the question of whether Defendant "Reaves provided false information on Form 4473." (Defs.' Resp. in Opp'n at 7.) The court does

---

1. In their Response in Opposition to Plaintiffs' Motion to Remand, Defendants describe straw purchases. Defendants explain that "[s]traw purchases are a tactic by which a person legally permitted to purchase a firearm acts as the intermediary or agent for a person prohibited by state, local, or federal law from legally purchasing firearms." (Defs.' Resp. in Opp'n at 2.) After the straw fills out the required paperwork and purchases the firearm, he or she immediately transfers the firearm to the ineligible person. Defendants note that straw purchases are not *per se* prohibited. Instead, the basis for prosecution is 18 U.S.C. § 922(a)(6), which provides that it is unlawful

for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6).

not agree. Plaintiffs' Complaint also alleges Defendants fraudulently induced the purchase of a firearm from Mickalis Pawn, and the allegation that Defendants violated federal law is, as Plaintiffs assert, "just one of the examples of Defendants' [alleged] unfair and deceptive acts." (Pl.'s Mem. in Supp. at 8.) Defendants have thus not established that Plaintiffs' right to relief necessarily depends on a substantial question of federal law.

 Defendants argue that even if this court determines it does not have federal question jurisdiction, "it has the power to, and should instead transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1631." (Defs.' Resp. in Opp'n at 11.) Section 1631 states,

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Plaintiffs argue § 1631 does not apply because this suit was not originally filed in district court but was removed. (Pl.'s Reply at 3.) [2]

 The plain language of § 1631 applies only to cases *filed* in a court as defined in § 610. The Court of Common Pleas, Berkeley County, is not such a court. *See* 28 U.S.C. § 610. Furthermore, the court finds remand is proper pursuant to the language of 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As the Eastern District of California noted,

> In a case that has been removed, where it appears that the Court lacks subject matter jurisdiction, the consequence that mandatorily follows is remand. The Tribe has filed a motion to transfer, but that motion is premised on exclusive jurisdiction resting outside of the Eastern District. Although 28 U.S.C. § 1631 allows for a court to transfer when it lacks jurisdiction, 28 U.S.C. § 1631 appears to be a statute of general applicability. 28 U.S.C. § 1447 deals specifically with cases that have been removed, and the mandatory remand language of subsection (c) does not mention § 1631 or indicate that an exception exists. It is a well-established tenet of statutory construction that a specific statute controls over a general statute.

---

**2.** Some courts have held that a removed case can be transferred pursuant to § 1631 if a transfer is in the interest of justice. For example, in *Piazza v. Upjohn Co.*, 570 F.Supp. 5 (M.D.La.1983), the court granted the defendant's motion to transfer pursuant to § 1631 when defendants removed case to incorrect district. The court said,

> Congress has granted a defendant the right to remove from state to federal court in certain clearly specified circumstances. [The defendant] wishes to avail itself of this

right and, but for a procedural error, would be entitled to have a federal court pass upon its claim that it meets the statutory requirements for removal.

*Id.* at 8. Unlike *Piazza*, this is not a case where Defendants are being denied the benefit of the federal forum simply because they removed the case to the wrong district court. Rather, this court does not have subject matter jurisdiction over the action because Plaintiffs' right to relief does not necessarily depend on a substantial question of federal law.

*County of Madera v. Picayune Rancheria of Chukchansi Indians,* 467 F.Supp.2d 993, 1000 (E.D.Cal.2006) (internal quotation marks and citations omitted); *see also W. Sec. Co. v. Derwinski,* 937 F.2d 1276, 1280 (7th Cir.1991) ("It is tempting to suppose that we might transfer the case to the Claims Court under 28 U.S.C. § 1631 (transfer between federal courts to cure want of jurisdiction), but this route may be foreclosed by the provision of section 1447(c) that a case which has been improperly removed 'shall be remanded' to the court from which it was improperly removed, which in this case is the state court."). In any event, the court does not find a transfer to be in the interest of justice. Although Mickalis Pawn is a party in the New York Action, Mr. Mickalis is not. In addition, all eight causes of action asserted against Defendants arise under South Carolina law. Plaintiffs elected to bring suit in state court, and Plaintiffs "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar,* 482 U.S. at 399, 107 S.Ct. 2425. The court therefore declines Defendants' invitation to transfer this case to the Eastern District of New York and instead remands the case to state court.

### CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiffs' Motion to Remand is **GRANTED**.

**AND IT IS SO ORDERED.**